UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

COLIN J. HALEY,

                           Plaintiff,

                                                          DECISION AND ORDER

                                                          11-CV-6541L

                           v.

ASSISTANT FIELD OFFICE DIRECTOR
TODD L. TRYON, et al.,

                                  Defendants.
_____

Plaintiff, an individual formerly detained at the Buffalo Federal Detention Facility in Batavia, New York ("Buffalo Facility") brings this action against the Buffalo Facility's Assistant Field Office Director, Todd Tryon ("Tryon"), Field Office Director Michael Phillips ("Phillips") and four non-federal officers who work at the Buffalo Facility. Plaintiff claims that during his detention at the Buffalo Facility, he was assaulted by a cell mate, and that the defendants failed to protect him and denied him proper medical treatment, in violation of his rights pursuant to, inter alia, the Eighth and Fourteenth Amendments.

The two federal defendants, Phillips and Tryon, now move to dismiss the claims against them for failure to state a claim pursuant to Fed. R. Civ. Proc. 12(b)(6). (Dkt. #13). Plaintiff filed a response in opposition to the motion to dismiss, as well as two cross motions for leave to amend the complaint. (Dkt. #20, #21). The Court appointed counsel for plaintiff on April 16, 2013 (Dkt. #26), and counsel submitted a supplemental response opposing the motion to dismiss.

For the reasons set forth below, the motion to dismiss (Dkt. #13) is granted, plaintiff's cross motions to amend the complaint (Dkt. #20, #21) are denied, and plaintiff's claims against Phillips and Tryon are dismissed.

## DISCUSSION

I.  **Standard on a Motion to Dismiss**

When deciding whether a complaint should be dismissed for failure to state a claim pursuant to Fed. R. Civ. Proc. 12(b)(6), the Court must accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant." *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994), *citing Ad-Hoc Comm. of Baruch Black & Hispanic Alumni Ass'n v. Bernard M. Baruch College*, 835 F.2d 980, 982 (2d Cir. 1987). However, "a plaintiff's obligation . . . requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

II. **Plaintiff's Claims Against Phillips and Tryon**

In the case of *Bivens v. Six Unknown Agents of the Fed. Bureau of Narcotics*, the United States Supreme Court authorized lawsuits against federal officials in their individual capacities for the intentional deprivation of constitutional rights. *Bivens*, 403 U.S. 388 (1971); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502 (2d Cir. 1994).[1] To establish a claim under *Bivens*, a plaintiff must plausibly allege that the individual defendants participated actively in the alleged constitutional violation. *See Sealey v. Giltner*, 116 F.3d 47, 51 (2d Cir. 1997). Personal involvement may be demonstrated through evidence that: (1) the defendant participated directly in the alleged violation; (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong; (3) the defendant created a policy or custom under which unconstitutional practices occurred; or allowed such a policy or custom to continue; (4) the defendant was grossly negligent in supervising subordinates who committed violations; or (5) the defendant was

---

[1] *Bivens* actions do not lie against federal agencies or employees sued in their official capacities. *See FDIC v. Meyer*, 510 U.S. 471, 484-86 (1994).

deliberately indifferent to the rights of inmates, failing to act on information indicating the unconstitutional acts were occurring. *See Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995).[2]

Plaintiff's allegations against Phillips are limited to a brief reference to a complaint sent to Phillips by plaintiff at some prior time. Plaintiff concedes as much, and does not oppose the dismissal of his claims against Phillips. (Dkt. #18 at 1). Even if plaintiff had failed to concede, I find that the complaint fails to plausibly allege any personal involvement by Phillips in any constitutional violation.

With regard to Tryon, who was identified by name after the complaint was filed and was described in the complaint as "the individual running the prison" (Dkt. #5), the complaint contains no factual allegations against "the individual in charge of the prison" in general, or Tryon in particular.

Accepting plaintiff's allegations as true and granting him every favorable inference, the complaint fails to state a claim against Tryon. Although the complaint alleges that several non-federal officers violated plaintiff's constitutional rights in various ways, plaintiff does not plausibly allege that Tryon was informed of those events and failed to act, was responsible for the supervision of the non-federal officers, created a custom or policy by which the unconstitutional acts were carried out, or was otherwise personally involved in the events related in the complaint in any way.

Plaintiff's claims against Phillips and Tryon are therefore dismissed for failure to state a claim.

---

[2] District courts on this Circuit are divided on whether and to what extent the Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) may have eroded *Colon* by limiting the ways in which personal involvement may be established, and the Second Circuit has not resolved the matter. *See Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013) (although *Iqbal* "may have heightened the requirements for showing a supervisor's personal involvement with respect to certain constitutional violations, we need not reach *Iqbal*'s impact on *Colon* in this case, for [plaintiff's] initial complaint did not adequately plead the [supervisor's] personal involvement even under *Colon*"). Nonetheless, the Court "need not wade into the fray at this time since [p]laintiff's allegations do not suffice" to state a claim under the *Colon* categories in any event. *Diaz v. Burns*, 2013 U.S. Dist LEXIS 159150 at *12 n.1 (W.D.N.Y. 2013).

**III.     Plaintiff's Cross Motions to Amend**

While leave to amend a complaint is to be freely given under ordinary circumstances, it is properly denied for good cause, including where amendment would be futile, or where the proposed amendment is made in bad faith. *See generally* Fed. R. Civ. Proc. 15(a); *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007); *Joblove v. Barr Labs. Inc.*, 466 F.3d 187, 220 (2d Cir. 2006).

Initially, plaintiff has not filed or otherwise submitted a proposed amended complaint for the Court's review. However, to the extent that an amended complaint would contain all of the factual additions described and proposed by plaintiff in his motions to amend, I find that the amended complaint would nonetheless be subject to dismissal for failure to state a claim.

Plaintiff describes the proposed amendments as consisting of factual allegations that he sent a letter to Tryon on April 21, 2011 reporting that he was "having a problem . . . with [his] new bunkie who has been making threats on [his] life," (Dkt. #30-1 at Exh. A), and that he sent a second letter to Tryon on January 4, 2012 complaining about allegedly inadequate treatment for a damaged retina (Dkt. #30-1 at Exh. B). Plaintiff proposes to amend the complaint to allege that after he sent these letters to Tryon, Tryon failed to send a response or, it can be reasonably inferred, to order an investigation.

It is well settled that an official's failure to respond to a letter protesting allegedly unconstitutional actions and/or requesting an investigation is, without more, insufficient to give rise to liability in a *Bivens* action. *See Jones v. Fed. Bureau of Prisons*, 2013 U.S. Dist. LEXIS 135004 at *23-*24 (E.D.N.Y. 2013) ("even assuming the [inmate's] letter was sent to and received by [the regional director for the Federal Bureau of Prisons]," an allegation that an official ignored such a letter is insufficient to state a *Bivens* claim against the officer in his individual capacity); *Smart v. Goord*, 441 F. Supp. 2d 631, 643 (S.D.N.Y. 2006) ("Commissioner... cannot be held liable on the sole basis that he did not act in response to letters of protest sent by [plaintiff]"); *Gayle v. Lucas*, 1998 U.S. Dist. LEXIS 3919 at *11 (S.D.N.Y. 1998) ("[g]enerally, the allegations that a supervisory

official ignored a prisoner's letter protesting unconstitutional conduct is not itself sufficient to allege the personal involvement of the official so as to create liability under Section 1983"); *Greenwaldt v. Coughlin*, 1995 U.S. Dist LEXIS 5144 at *11 (S.D.N.Y. 1995) (same).

Here, plaintiff's proposed factual allegations consist solely of claims that Tryon failed to respond to letters which reported plaintiff's difficulties with his cell mate, and expressed plaintiff's belief that the treatment for his damaged retina was insufficient.  Because these factual allegations fail to state a claim against Tryon, amendment of the complaint to include them would be futile.  To the extent that plaintiff's motions to amend also refer to new claims under the Administrative Procedures Act, international law, and the Fifth and Eighth Amendments to the United States Constitution, plaintiff proffers no factual allegations to support such claims.  Plaintiff's motions to amend the complaint are denied.

## CONCLUSION

For the foregoing reasons, Tryon and Phillips' motion to dismiss the claims against them (Dkt. #13) is granted, and plaintiff's claims against individual defendants Phillips and Tryon are dismissed in their entirety, with prejudice.  Plaintiff's original and amended cross motions to amend the complaint (Dkt. #20, #21) are denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       March 27, 2014.